# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAMON WALL** | : | **CIVIL ACTION** |
| *Petitioner-pro se* | : | |
| | : | **NO. 16-6273** |
| **v.** | : | |
| | : | |
| **MS. LUTHER,** *et al.* | : | |
| *Respondents* | : | |

## ORDER

**AND NOW**, this 11th day of January 2019, upon careful consideration of the *pro se* petition for writ of *habeas corpus*, (the "Petition"), filed by Petitioner Ramon Wall ("Petitioner") pursuant to 28 U.S.C. §2254, [ECF 1], the response filed by Respondents, [ECF 14]; the reply filed by Petitioner, [ECF 20], the *Report and Recommendation* (the "R&R") issued on August 23, 2018, by the Honorable David R. Strawbridge, United States Magistrate Judge (the "Magistrate Judge"), which recommended that the Petition be denied, [ECF 22], Petitioner's *pro se* objections to the R&R, [ECF 28], the pleadings, and the available state court record and, after conducting an independent *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* is **APPROVED** and **ADOPTED**;

2. The objections filed are without merit and are **OVERRULED**;[1]

---

[1] In his *habeas corpus* petition, Petitioner asserted four grounds for relief: (1) that his conviction violates his Fourth Amendment rights because the police had no basis to arrest him; (2) that his procedural due process rights under the Fourteenth Amendment were violated by various acts of the PCRA court; (3) that his Fifth Amendment rights were violated due to perceived defects in the indictment and/or proof underlying the witness intimidation charge; and (4) that his conviction violated his Sixth Amendment rights of confrontation, that his plea bargain improperly reflected a mandatory minimum sentence, and that trial counsel was ineffective for failing to investigate the Commonwealth's evidence and for allegedly lying about a colloquy having taken place. In the twenty-three page R&R, the Magistrate Judge addressed these contentions and found that all of Petitioner's claims were either procedurally defaulted, non-cognizable, or lacked merit.

In his objections to the R&R, Petitioner essentially concedes that the Magistrate Judge correctly found that many of his claims were procedurally defaulted but repeats his argument that the procedural

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

default of these claims can be overcome because trial counsel provided ineffective assistance. In making his claim for ineffective assistance of counsel as an objection, however, Petitioner merely repeats and rehashes arguments he made in his Petition which were considered and properly rejected by the Magistrate Judge. As such, Petitioner's objections are nothing more than an attempt to re-litigate various arguments raised in his Petition and reply. This Court finds that the Magistrate Judge thoroughly reviewed each of these arguments in the R&R and correctly concluded that Petitioner's claims were non-cognizable, procedurally defaulted, and/or without merit. This Court has reviewed the pertinent portions of the record *de novo* and further finds that no error was committed by the Magistrate Judge in the analysis of Petitioner's claims. Accordingly, the R&R is adopted and approved in its entirety, and Petitioner's objections are overruled.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.

2